E. B. TEAGUE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73034. Promulgated May 17, 1935.

*George E. H. Goodner, Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The petitioner, a transferee of the assets of the Advance Lumber Co., which was in turn a transferee of the assets of the Pioneer Lumber & Creosoting Co., the original taxpayer, contests the Commissioner's determination of liability against him for a deficiency of $9,320.48, plus interest, in Pioneer's income tax for 1928. By a severance of the issues, the only question now argued is whether assessment of Teague's liability, if any, is barred by the statute of limitation. The facts upon which that question rests are not in dispute.

March 14, 1929, Pioneer filed its 1928 return.

August 30, 1930, the Commissioner made a jeopardy assessment against Pioneer of $9,320.48 deficiency, with interest.

September 15, 1930, the Commissioner sent to Pioneer a notice of the jeopardy assessment, as provided in section 273 (b), Revenue Act of 1928. No petition contesting such determination was filed with the Board of Tax Appeals.

July 8, 1933, the Commissioner made a jeopardy assessment against petitioner of liability for such deficiency of Pioneer, plus interest.

July 10, 1933, the Commissioner sent to petitioner a notice of liability as transferee of the Advance Lumber Co., a transferee of Pioneer. Thereafter the petition was filed instituting this proceeding contesting such determination.

Before this, on April 7, 1931, the Commissioner sent notice of liability to the Advance Lumber & Timber Co., as transferee of Pioneer. June 6, 1931, a petition was filed. The proceeding was heard and, on a memorandum opinion, judgment of no liability was entered, June 12, 1933. The Advance Lumber & Timber Co. was a subsequently created corporation which if a transferee at all only became so in succession to the petitioner.

The Commissioner made a jeopardy assessment of the deficiency against the original taxpayer, and there was no such period as is described in section 277 as " the period during which the Commissioner is prohibited from making the assessment." There was no occasion, therefore, for the suspension of the running of the statute of limitations which section 277 provides. There was neither fraud nor a waiver, and hence the period of limitation upon assessment is the ordinary statutory period provided in section 275. The actual assessment of August 30, 1930, neither shortened nor lengthened that period, and if the Commissioner, within the initial two-year period, should have discovered an additional deficiency he was at liberty to determine it and assess it, since the Board had not been invoked as to the earlier one. March 14, 1931, was, therefore, the expiration of the period of limitation for assessment against the taxpayer.

By section 311 (b) (1), the period of limitation for assessment of the transferee liability of the initial transferee (Advance Lumber Co.) was one year longer, or until March 14, 1932. That period was not suspended by any determination of the Commissioner or any proceeding or right to a proceeding before the Board. By section 311 (b) (2), the period as to the next succeeding transferee (petitioner), expired March 14, 1933, unless suspended. Nothing happened before that date to suspend the running of the statute. Con-

sequently, the present determination and assessment in July 1933 were both too late.

The respondent argues that his determination of transferee liability against the present petitioner was not after the expiration of the statutory period, and his argument takes two separate courses.

The first argument is that the notice of September 15, 1930, following the jeopardy assessment of August 30, was required by section 273 (b), and such notice must therefore be regarded as a notice under section 272 (a). Since, under section 272 (a) no assessment could, in the ordinary case, be made until the expiration of the 60 days within which the taxpayer could file a petition with the Board, the Commissioner treats the period of 60 days after the jeopardy assessment notice was sent to Pioneer as a period of suspension under section 277, to which the additional 60 days must be added. The fact is, however, that in respect of a jeopardy assessment the Commissioner is not prohibited from making an assessment as he is in the ordinary nonjeopardy case, and although the notice of jeopardy assessment serves the same purpose as an ordinary notice of deficiency, namely, to give the taxpayer an opportunity to litigate before the Board, it does not serve, as does the ordinary notice of deficiency, to prohibit the Commissioner from making the assessment. Assessment has already been made. There is, therefore, neither reason nor express statutory requirement for a suspension of the running of the statute of limitations.

The second theory urged by the Commissioner is that the proceeding of the Advance Lumber & Timber Co. decided by the Board June 12, 1933, served to suspend the running of the statute from April 7, 1931, when the notice of transferee liability was sent to that corporation, until June 12, 1933, when the judgment of no liability was entered. This view, we think, can not be sustained. The Advance Lumber & Timber Co. was beyond the line of succession of transferee liability leading up to this petitioner. For present purposes, that corporation had nothing whatever to do with Pioneer's deficiency. We can not read section 311 (d) to mean that the Commissioner has it in his power, by the mere unfounded determination of liability by an unrelated person or corporation, to suspend the running of the statute on a deficiency; had he such power he could, by making such determination successively against any person he might select, suspend the period indefinitely and thus completely frustrate it. The purpose of the parenthetical provision of section 311 (d), "(and in any event, if a proceeding in respect of the liability is placed on the docket of the Board, until the decision of the Board becomes final)", is primarily to state expressly what the court

held in *American Equitable Assurance Co. of New York* v. *Helvering*, 68 Fed. (2d) 46, namely, to suspend the statute during the pendency of a proceeding before the Board, notwithstanding that the Board should ultimately be held to be without jurisdiction. It can not be regarded as suspending the period merely because the Commissioner, whether arbitrarily or otherwise, has sent a notice of his determination of liability and thus caused his own hands to be tied in respect of its assessment, no matter how fantastic the liability determination may be. The Commissioner, it should be remembered, is not required to proceed as to transferees one at a time, but may send his notice of liability for the same deficiency to any number of transferees at once, and there is no reason, therefore, to suspend the running of the statute as to all others during the pendency of a proceeding against a person who is outside the line of transferee liability.

We hold, therefore, that the assessment of July 8, 1933, and the notice of July 10, 1933, were beyond the expiration of the period of limitation applicable to the petitioner.

*Judgment will be entered for the petitioner.*